IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIE A. JOHNSON<br>Plaintiff,<br><br>v.<br><br>THE ENSIGN GROUP, INC. and<br>QUEENSTON HEALTHCARE, INC. d/b/a<br>LEGEND OAKS HEALTHCARE AND<br>REHABILITATION – WEST HOUSTON<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:19-cv-1605<br><br>JURY |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff JULIE A. JOHNSON (hereinafter "Johnson") by and through her attorney Joshua A. Verde of The Verde Law Firm, PLLC, and for her Original Complaint against Defendants THE ENSIGN GROUP, INC. and QUEENSTON HEALTHCARE, INC. d/b/a LEGEND OAKS HEALTHCARE AND REHABILITATION – WEST HOUSTON (hereinafter "Defendants"), does hereby state and allege as follows:

NATURE OF THE CASE

1.     This is a suit for unpaid wages, overtime compensation, liquidated damages, attorney's fees, and costs under the Fair Labor Standards Act (FLSA).

INTRODUCTION, JURISDICTION AND VENUE

2.     Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et. seq.*

3.     Jurisdiction of this action is conferred on this Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

4. Plaintiff was hired into and worked out of Defendants' facility in Houston, Harris County, Texas. Accordingly, venue lies within this District, pursuant to 28 U.S.C. § 1391.

5. At all times material herein, Plaintiff was entitled to the rights, protections and benefits provided under the Fair Labor Standards Act as amended, 29 U.S.C. § 201, *et. seq*.

## THE PARTIES

6. Plaintiff, Julie A. Johnson, is an individual and citizen of the State of Texas.

7. Defendant The Ensign Group, Inc. is a Delaware Corporation with its principal office location at 27101 Puerta Real, Suite 450, Mission Viejo, CA 92691. It can be served with process through its registered agent, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201.

8. Defendant Queenston Healthcare, Inc. (dba Legend Oaks Healthcare and Rehabilitation – West Houston) is a Nevada Corporation with its principal office location at 27101 Puerta Real, Suite 450, Mission Viejo, CA 92691. It can be served with process through its registered agent, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## FACTUAL ALLEGATIONS

9. Defendants operate nursing homes in multiple locations throughout Texas, including Legend Oaks Healthcare and Rehabilitation – West Houston ("Legend Oaks").

10. Johnson was hired in 2011 to work as a certified nursing assistant (CNA). In 2015, Johnson was promoted to staffing coordinator at Legend Oaks. The Legend Oaks facility is located in Houston, Harris County, Texas.

11. Johnson's initial rate of pay as a staffing coordinator was $14.00 per hour. At the time of her termination, she was paid $16.48 per hour. She was never paid on a salary basis.

Johnson would frequently work more than forty (40) hours per work week and was often paid overtime pay.

12. Johnson was not paid for all of her regular and overtime hours worked, however.

13. Defendants' required Johnson to be on-call during weekends. She was never paid for this on-call time. Johnson was issued a company cell phone (281-***-1154) and was required to use the phone for work-related purposes during weekends.

14. While on-call, Johnson was substantially limited in her activities. As the holder of the on-call phone, she was required to be available at a moment's notice to address the staffing and other concerns of Legend Oaks employees. Johnson received frequent calls on the company phone. Johnson was not free to engage in personal activities during the on-call time because she had to be available to (i) answer employee calls; (ii) coordinate staffing when an employee would call out sick; and (iii) ensure the needs of the employee callers were met. Johnson was, in effect, chained to the phone.

15. During the on-call time, Johnson would also be required to contact the Legend Oaks facility to coordinate staffing matters and she was required to log in to the company's computer system. These tasks prevented Johnson from using her on-call time for personal matters that were not related to her job.

16. Johnson's on-call time and work time during weekends was regularly at least 8 hours per day. Johnson would be required to handle calls at all hours of the night, impairing her ability to sleep. Johnson was never compensated for this time.

17. Defendants were aware of the number of hours Johnson was working on an uncompensated basis. In fact, they expressly required her to work those hours unpaid. Any time Johnson mentioned the unpaid time to supervisors, she was rebuffed.

18. Defendants had actual and implied notice of the weekend hours worked by Johnson both by her reporting the hours and the cell phone records relating to the company phone issued to her.

19. In her position as staffing coordinator, Johnson did not have the authority to hire of fire employees.

20. Johnson's primary work duty also did not involve the exercise of discretion and independent judgement with respect to matters of significance.

21. Johnson's primary work also did not involve tasks that are predominantly intellectual in character or tasks that required advanced knowledge in a field of science or learning.

22. Management was not Johnson's primary duty; nor were her suggestions and recommendations as to the hiring, firing, advancement, promotion or other change of status of other employees given any particular weight.

23. Plaintiff was not in charge of any department or subdivision of the Defendants.

24. Defendants were notified on occasion – and should have known otherwise anyway – about their violations of the Fair Labor Standards Act.

25. Despite notice, Defendants failed to correct the violations.

26. Defendants' actions were willful and were taken with the knowledge that the acts violated the wage and hour provisions of the Fair Labor Standards Act.

27. Initial calculations indicate that Johnson is owed at least $50,000 in unpaid wage and overtime.

## CLAIMS FOR RELIEF
### (COUNT 1 – VIOLATIONS OF FAIR LABOR STANDARDS ACT)

28. Johnson re-alleges and incorporates by reference the paragraphs state above as if they were set forth verbatim herein.

29. At all relevant times hereto, Defendants were an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

30. At all relevant times hereto, Defendants employed "employee[s]," including superintendents who were engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

31. At all relevant times hereto, each of the Defendants were an enterprise whose business done was not less than $500,000 annually.

32. Each of the Defendants were the co-employer of Johnson.

33. The FLSA requires Defendants, as covered employers, to compensate all non-exempt employees or all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

34. Johnson is entitled to compensation for all hours worked.

35. Johnson is entitled to be paid overtime compensation for all overtime hours worked; overtime compensation includes the overtime premium as provided for within the FLSA.

36. At all relevant times hereto, Defendants, pursuant to their policies and practices, failed and refused to compensate Johnson for work performed in excess of forty (40) hours per week.

37. At all relevant times hereto, Defendants engaged in a knowing and willful policy, pattern, and/or practice of requiring or permitting Johnson to perform work in excess of forty (40) hours per week without compensation.

38. At all relevant times hereto, the overtime work performed by Johnson was required or permitted by Defendants, for the benefit of Defendants, and was directly related to Johnson's principal employment with Defendants. Further, Johnson's overtime work was an integral and indispensable part of his employment with Defendants.

39. Defendants violated the FLSA by failing to pay Johnson for all hours actually worked and by failing to pay Johnson at least one-and-a-half times her regular rates of pay for all hours worked in excess of forty (40) in a work week.

40. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201, *et. seq*.

41. The FLSA also imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by Johnson, Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine her wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et. seq*., including 29 U.S.C §§ 211(c) and 215(a). These violations were knowing and willful within the meaning of 29 U.S.C. § 201, *et. seq*.

42. Johnson is entitled to the burden-shifting provisions regarding proof of hours worked as set out in <u>Anderson v. Mt. Clemens Pottery Co.</u> due to the violations of Defendant.

43. As a result of Defendants' violations of applicable law, Johnson is entitled to recover from Defendants, jointly and severally, the amount of her unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), prejudgment interest, attorney's fees, litigation expenses and court costs pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### (COUNT 2 – BREACH OF ORAL CONTRACT)

44. Defendants' and Johnson entered to an enforceable oral contract concerning wage for hours worked. Specifically, Defendants agreed to pay Johnson hourly for all work performed for Defendants. The Defendants breached this contract when they failed to pay Johnson for the hours she was on-call. As a result of Defendants' breach, Johnson suffered economic damages.

### ATTORNEY'S FEES AND LIQUIDATED DAMAGES

45. Johnson seeks to recover her attorney's fees and costs pursuant to the FLSA and Chapter 38 of the Texas Civil Practice and Remedies Code.

46. Johnson seeks liquidated damages as permitted by the FLSA.

### LEAVE TO AMEND

47. Johnson reserves the right to amend this Complaint as indicated by the law and as the facts dictate.

### JURY DEMAND

48. Johnson requests a trial by jury.

WHEREFORE, premises considered, Plaintiff Julie A. Johnson prays that Defendants be summoned to appear herein and answer; further plaintiff prays and requests:

a.  that this Honorable Court enter a declaratory judgment, declaring that Defendants have willfully and wrongfully violated their statutory obligations under the FLSA and deprived Johnson of the protections and entitlements provided him under the law;

b.  that this Honorable Court order a complete and accurate accounting of all the compensation to which Johnson is entitled;

c.  that this Honorable Court enter a judgment in favor of Johnson and award Johnson monetary damages in the form of back-pay compensation (including overtime), liquidated damages equal to her unpaid compensation, plus interest thereupon;

d.  that this Honorable Court award Johnson her attorney's fees and costs of the action; and

e.  such other and further relief as the Court deems just and proper.

Dated: May 2, 2019

Respectfully submitted,

THE VERDE LAW FIRM, PLLC

/s/ Joshua A. Verde
Joshua A. Verde
attorney-in-charge
State Bar No. 24077590
Fed ID No. 1760723
4600 Highway 6 North, Suite 320
Houston, TX 77084
Phone: 713-909-4347
Fax: 713-588-2431
josh@verde-law.com

ATTORNEY FOR PLAINTIFF
JULIE A. JOHNSON